IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1886.

The First National Bank of DuBois City *versus* The First National Bank of Williamsport.

| 114 | 1 |
|---|---|
| 21 SC | ¹323 |
| 21ᵀSC | ¹565 |
| 21 SC | ²565 |
| 114 | 1 |
| f 210 | ¹640 |

1. It is not a valid objection to a deposition that the witness in his testimony refers to a contemporaneous paper, book, or memorandum made by himself, and not in evidence, if the reference be made as a means of refreshing his memory, or as enabling him to speak with accuracy on the subject-matter under investigation.

2. A witness, in fixing the date of a given transaction, may refer to a book or diary to refresh his recollection. He may state that the entries of events were made therein at the time of their occurrence, respectively, and that he is enabled thereby to fix with accuracy, the date in question ; but if objected to, he would not be permitted to read the entry in evidence, excepting perhaps, upon cross examination. It follows of course that the book or diary need not be produced for the inspection of the jury.

3. It is error to submit to a jury a question of fact, which is conclusive in the case, to be determined upon mere conjecture, there being no evidence from which the fact may be inferred.

4. When there is evidence on part of the plaintiff, which, taken alone, would justify an inference of the disputed facts, the question is for the jury, and in civil cases the facts are to be determined by the weight of the evidence.

April 5th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Clearfield county*: Of January Term 1886, No. 96.

4 AMERMAN.—1.

This is an action of assumpsit brought by the First National bank of Williamsport, Pa., against the First National bank of DuBois city, Pa., to recover the amount of a certain promissory note, alleged to have been sent by the Williamsport bank to the DuBois bank for collection, and which the DuBois bank denies ever having received. Plea, non-assumpsit with leave. The note is alleged to have been drawn by Simon & Postlethwaite, in favor of A. D. Lundy, dated April 2d, 1884, at three months, for $376.98, and payable at the First National bank of DuBois, and which, it is alleged, was endorsed by A. D. Lundy and A. D. Lundy & Co., and discounted by the Williamsport Bank and transmitted by letter, dated June 11th, 1884, to the DuBois bank for collection.

It was alleged by the Williamsport bank that it mailed said letter June 14th, 1884, to the DuBois bank, enclosing two checks drawn on the DuBois bank, one for $32.25 and the other for $137.85, and that in the same letter, upon the opposite side of the page from the items named, were the words written "Simon & P. 376.98" referring to the note in controversy. A few days thereafter, they received a remittance, from the DuBois bank for the checks, which remittance by draft, was enclosed in the original letter sent from the Williamsport bank, but no mention of the note. See copy of letter in the opinion of the Supreme Court. The cashier of the DuBois bank denied, positively, that the words "Simon & P. 376.98" were upon the letter received from the Williamsport bank, at the time it was received and returned. The president of the DuBois bank also testified that he did not see the entry upon the letter. The cashier of the Williamsport bank, and two clerks of the same bank, whose depositions were taken at Williamsport, testified as to the manner of doing business with regard to the transmission of collections, and their bank books were produced before the notary who took their testimony, identified by the witnesses, and copies of the entries alleged to have been made of this transaction were attached or copied in the testimony. Upon the trial of the cause, no person connected with the Williamsport bank appeared at court or was called as a witness. The depositions of the Cashier and the two clerks were offered in evidence and objected to by the defendant bank, because the books containing what is alleged to be the original entries of the transaction were not produced in court for inspection by the jury, and that copies were not competent evidence under the circumstances. The Court overruled the objections and admitted the evidence. (First, second and third assignments of error.)

The court, KREBS, P. J., instructed the jury, *inter alia*, as follows:

[First Nat. Bank of DuBois City *v.* First Nat. Bank of Williamsport.]

Now, the only question of fact is, did they receive this note? If they did, under the evidence as produced, there being no allegation that it was protested, no allegation that payment was demanded when it became due, then they are liable. [Now, did they receive it? What is the evidence bearing upon that question? When you come to consider it, we instruct you as a matter of law, that the Williamsport bank is not bound to prove to your satisfaction beyond a reasonable doubt, that the bank at DuBois received this note—that is not the law; but they must satisfy you by the weight of evidence that they did receive it. That is, the evidence of their having received it must preponderate over the evidence of the DuBois bank, that they did not receive it.] (Fourth assignment of error.) If the evidence preponderates, then your verdict must be for the side on which the preponderance of evidence is.

Now, what is the evidence? The Cashier of the bank at Williamsport, Mr. Campbell and Mr. Harris, clerks in the bank, testify in relation to what was done about sending this note. Mr. Sloan, the cashier, testifies that he received the envelope in which this letter, to which reference has been made, and which was attached to the depositions—was received by him; that the memorandums and lead pencil marks were upon it; that it is the hand-writing of Mr. Harris, one of the clerks in the bank.

Mr. Harris testifies,—and his testimony with that of Mr. Campbell and Mr. Sloan, must be taken together, because the three show what the transaction was in reference to this note. They must all be considered, and no one considered, separately, the one from the other. They testified as to the entries in the books, and it is in evidence that these books were presented and the witnesses testified to them as the original entries in the books, that they testified that these entries were made at the time that the letter was written, and with the note and the two checks was enclosed to the bank at DuBois; that the letter with whatever enclosures were in it must have been mailed, is, it seems to us, beyond all dispute in this case, because the bank at DuBois had remitted for the amount of the checks less their charges for collection.

[If this memorandum in regard to the discount of the note "Simon & P. $376.98" was upon that letter before they sent it back, the note was also enclosed before they sent that letter back, and it would be almost conclusive that they lost the note.] (Fifth assignment of error.) If the note was not enclosed, it was their duty, as careful business men, to have called the attention of the Williamsport bank to the fact that the enclosures of the checks were all right, but that no such note was enclosed.

[First Nat. Bank of Dubois City *v.* First Nat. Bank of Williamsport.]

Now, it is argued on the part of the defendant, that this memorandum was not upon this letter; that it must have been put there afterwards. Of course, if it was not on at the time they received this letter with the checks, for which they remitted, it must have been put there by some one afterwards, and would therefore be a forgery.

Now, you will have to take into consideration, what credit you will give the different witnesses who have testified as to the writing of this letter and the enclosure of the note therein. Who is to be believed? It comes down to the weight of testimony in the case.

Mr. Arnold (of the Dubois Bank) testifies that he did not see any note; that he has no recollection of seeing any such memorandum on that letter when it was received by him. Now, as bearing upon the testimony of Mr. Arnold, it is to be remembered that he first testified in this case that he had no communication with the bank about this matter, until after he had received notice from Mr. McEnally in regard to this note. He qualifies that afterwards, and corrects himself, but his entire evidence, as bearing upon the question of testing his recollection, you have a right to consider. It is your duty to consider it along with the other evidence in the case.

[There is some evidence in regard to a notice given Mr. Simon of a note held for collection by the bank at DuBois. Mr. Simon is called to the stand, but he cannot tell whether the postal card he received was the notice from the bank for the $100 note or the one for $376.98. He says he gave it no attention. He does testify that he moved away from DuBois on the 14th of June, 1884, and the $100 note, according to the testimony of Mr. Arnold, was due on the 23d of June, 1884. Mr. Simon also testifies that it was some time after he moved from DuBois to Big Run that he received the notice. Mr. Arnold testifies that they always gave their notices from one to two weeks before the notes were due.

Now, from this testimony, some light may be thrown upon the subject of whether or not this notice had reference to the $376 note or the $100 note. It is a matter for your consideration, whether from the circumstances you can get any additional light upon this question. It is a difficult question to deal with, and you can only make up your judgment from the weight of evidence. You are not bound to find beyond a reasonable doubt.] (Sixth assignment of error.). We say to you that if you are satisfied from the weight of evidence the DuBois National Bank did not receive this note, then they are not liable. If they did receive it, and you are satisfied from the weight of evidence that they received it, then they are

liable and your verdict must be for the plaintiff for the full amount of the note with interest.

Verdict for the plaintiff in the sum of $404.62, and thereupon judgment, whereupon the defendant took this writ, assigning for error the admission of the plaintiff's evidence as above indicated, and those portions of the general charge included within brackets.

*Frank Fielding*, for plaintiff in error.—It was error to admit the depositions in this case without bringing into court for the inspection of the jury the books to which reference was made, and from which the testimony was almost wholly taken.

It was the duty of the notary to mark the pages of the original books offered in evidence, and make and attach copies of the same to the testimony ; and it was then the duty of the plaintiff to produce the original books, thus marked and identified, in court. The records of the business transactions of a bank are not such records as are provable by copy. Had this been so, there would have been no necessity for the legislature to pass the Act approved June 22d, 1883, providing that the books of a bank or banker may be verified by copies, under certain conditions therein specified, but providing also, that the provisions of that Act shall not apply to a suit to which a bank or banker is a party. Even were such entries upon bank books provable by copy, there is no sufficient proof in this case to admit the copies in evidence, as no one testifies to their accuracy, or that the copy was compared with the original entries, as is always required when proof can be made by copy. See McGinniss *v.* Sawyer, 13 P. F. S., 259.

All the witnesses could do was to identify the books, verify the entries, and let them speak for themselves.

Depositions are regarded as secondary evidence: Wright *v.* Hunker, 1 Wr., 138.

But if it appear from the very nature of the transaction that there is better evidence of the facts proposed to be proved, which is withheld, the presumption arises that the party has some secret and sinister motive for not producing the best and most satisfactory evidence, and is conscious that if the best were offered, his object would be frustrated: Hart *v.* Young, 1 Watts, 254.

Very much depends upon the character and value of the papers as to whether or not they must be produced: Life Insurance Co. *v.* Rosenagle, 27 P. F. S., 515.

Where a plaintiff seeks to recover upon the ground of defendant's negligence, he should make out his case beyond a reasonable doubt: Young *v.* Edwards, 22 P. F. S., 267 ; Ott *v.* Oyer, 10 Norris, 17.

The judge should studiously avoid deductions and theories not warranted by the evidence: Burk *v.* Maxwell's Adm'rs, 31 P. F. S., 139.

Where a fact is submitted to the jury without evidence, the judgment will be reversed: Calvert *v.* Good, 14 Norris, 65.

*McEnally* (*McCurdy* with him), for defendant in error.— The depositions in this case were properly admitted. The books referred to in them did not contain the cause of action. They were chiefly referred to and used to aid the memory of the witnesses whose depositions were taken. And, in such case, the production of the original is of less importance than when the original constitutes or contains the cause of action. When the writing is used only for the purpose of assisting the memory of the witness, it is not generally necessary that the writing should be produced at all. The subject is discussed in 1 Gr. Evi., § 437; Christie *v.* Woods, 2 Yeates, 213; Tilghman *v.* Fisher, 9 Watts, 441; Petreken *v.* Collier, 7 W. & S., 394; Fitter *v.* Eyre, 2 Harris, 392.

On a general objection to a deposition, without specifying the exceptionable portions, the Court will not reverse, if any part of it be legal evidence: Anderson *v.* Neff, 11 S. & R., 208; Peters *v.* Horboch, 4 Pa. St., 134; Bickhan *v.* Smith, 62 Id., 45; Garsed *v.* Turner, 71 Id., 56.

In civil cases, where the mischief of an erroneous conclusion is not deemed remediless, it is not necessary that the minds of the jurors be freed from all doubt; it is their duty to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of truth: 1 Greenleaf on Evidence, § 13, *a*.

Mr. Justice CLARK delivered the opinion of the Court, October 4th, 1886.

This action is brought by the First National Bank of Williamsport, against the First National Bank of DuBois, to recover the amount of a promissory note, made by Simon & Postlethwaite, to the order of A. D. Lundy, dated April 2d, 1884, at three months, for $376.98, and payable at the First National Bank of DuBois. The note was endorsed by A. D. Lundy, and A. D. Lundy & Co., and discounted by the First National Bank of Williamsport.

It is alleged, on part of the plaintiffs below, that on the 14th June, 1884, two checks drawn on the DuBois bank, one for $32.25, the other for $137.85, were, by the bank at Williamsport, enclosed in a letter and forwarded to the DuBois bank for payment, and that in the same letter the note in question was

[First Nat. Bank of DuBois City *v.* First Nat. Bank of Williamsport.]

also enclosed for collection. The letter containing the enclosures was in a few days returned to the Williamsport bank, with a draft for $169.85, the amount of the two checks less 25 cents, the costs of the collection.

At the maturity of the note, no presentment or protest for non payment was made, and the endorsers, who are admittedly good, were thereby discharged; and the makers being insolvent, the note was rendered worthless to the holders. The defendants below deny that the note was enclosed in the letter of 14th June, 1884, and maintain that they never undertook or were charged with its collection. The letter referred to was given in evidence at the trial, and was then in the following form:—

FIRST NATIONAL BANK,
OF
WILLIAMSPORT, PA., June 11th, 1884.

J. E. LONG, Esq., Cashier—*Dear Sir:* Your favor of the —— instant, with stated enclosures, received.

Respectfully yours,
W. P. HARRIS, for Cashier.

I enclose,

| For Ret's. | | For Collection: |
|---|---|---|
| You, | 32.25 | Simon & P. 376.98 |
| | 137.85 | |

| | |
|---|---|
| 170.10 | O. K. |
| .25 | (in pencil.) |
| 169.85 | |

The pencil figures were added in the DuBois bank, and the letters, O. K., were written upon it after its return to Williamsport; the balance of the written portions of the letter is in the handwriting of W. P. Harris, the clerk in the Williamsport bank, who it is alleged made up the remittance.

The first three assignments of error are to the admission of the depositions of W. H. Sloan, cashier, and Charles D. Campbell and W. P. Harris, clerks, of the First National Bank of Williamsport. In their depositions the witnesses refer to the checks enclosed in the letter as stated, and to certain entries alleged to have been made in the books of the bank at Williamsport, at the time the original letter, with its enclosures, was forwarded by mail to DuBois. The objection was, that the books and papers themselves should have been produced at the trial, and after identification, should have been sub-

mitted to the inspection of the jury; that the witnesses should not have been allowed to extract certain entries from the books and embody them in their testimony, and that the depositions were thereby rendered inadmissible in evidence.

It is difficult to see upon what grounds it was important to produce the checks; the fact that they were enclosed in the exhibit, " A.," to the DuBois bank for collection, and that a draft for the proceeds was returned with it, is admitted on all hands.   We are aware of no rule of law requiring the production of papers, which, in the nature of the case, are immaterial, can have no connection with the matter in issue, and are incidentally referred to by the witnesses only as part of the history of the transaction.

It is not a valid objection to a deposition, that the witness in his testimony refers to a cotemporaneous paper, book, or memorandum, made by himself and not in evidence, if the reference be made as a means of refreshing his memory, or as enabling him to speak with accuracy on the subject matter under investigation.   A witness, in fixing the date of a given transaction, may refer to a book or diary to refresh his recollection; he may state that the entries of events were made therein at the time of their occurrence, respectively, and that he is enabled thereby to fix with accuracy the date in question; but if objected to, he would not be permitted to read the entry in evidence, excepting perhaps upon cross-examination.   It follows, of course, that the book or diary need not be produced for the inspection of the jury.

It was competent for the cashier and clerks of the Williamsport Bank to refresh their recollection by a reference to their books, and having testified to the facts in issue, it was not improper, we think, for them to refer to the book entries made by them, respectively, at the time of the transactions, to explain the general method of conducting their business, and as exhibiting their opportunities for knowledge of the matters in question; and, for this purpose, it was not necessary, in connection with the depositions, that the books should be produced for the inspection of the jury.   The suit is not brought upon the book charges, nor were the books relied upon as books of original entry, or referred to as such; indeed, the books themselves were not offered in evidence at all, either at the taking of the depositions or at the trial.   The best proof, of which the case appears to have been susceptible, was the evidence of the bank officers themselves; the books were but secondary evidence of the facts alleged.   But whilst it was competent for the witnesses named to explain the course of their business, to state that entries in the regular course of business were made of this transaction at the time, and, by

reference to the books, to refresh their recollection, it was not competent, we think, in this oblique way, to introduce the entries themselves. If the books, supported by the oath of those who made them, were conceived to be evidence, they should have been offered, and upon proper identification produced at the trial.

It is conceded in the argument that if the memorandum, "Simon & P.—$376.98," was in fact written upon the letter, exhibit "A.," when received at DuBois, and the note was not found enclosed therein, it was the duty of the DuBois bank to notify the Williamsport bank of the fact. This neglect of the DuBois bank to give notice in such case, was, we think, the equivalent, in the first instance, of an admission that the note was received; this neglect was of course open to explanation, but unexplained; it was, as the court said, "almost conclusive that the DuBois bank had lost the note." Whether the memorandum was made before the remittance to DuBois, and if so, whether the failure to give notice of the fact was satisfactorily explained, were, under all the evidence questions for the jury. Mr. Harris testifies that the exhibit "A.," with the exception of the "O. K." and the pencil figuring, is all in his handwriting. He does not say in terms that it was all written at the time, but he states fully his method of doing business, and the fair inference is, in the absence of proof to the contrary, that it was so written. We are not to presume or to infer a fraud or a forgery without proof. W. H. Sloan, the cashier, testifies that he directed the remittance of the note and checks to be made, and that on the 14th June, 1884, he receive an envelope by mail, in which he found the exhibit "A.," with a draft for $169.85, covering the amount of the checks, on the DuBois bank. He does not say that the memorandum of the note was then written upon it, but as the witness is supposed to speak of the paper as it was exhibited to him on the stand, in the absence of any suggestion of the witness to the contrary, this is the reasonable presumption as to his meaning. The testimony on these points is certainly not as full as its importance would seem to require; it is meagre in details, and to some extent, on this account, unsatisfactory. Sufficient was shown, however, to send the case to the jury. When there is evidence on part of the plaintiff which, taken alone, would justify an inference of the disputed facts, the question is for the jury: Howard Express Co. v. Wile, 14 P. F. S., 205; and in civil cases, the facts are to be determined by the weight of the evidence.

We are of opinion that the sixth assignment of error must be sustained. The $100 note matured on the 23d June, 1884, the note, now in question, for $376.98, on the 5th July fol-

lowing.    Mr. Arnold testifies that the bank gave their advance notices, from one to two weeks before the notes matured.    Mr. Simon says that he removed to Big Run on the 14th June, and that he received a notice very soon after.    He does not pretend to say upon which note the notice was given; he did not read it; he knew it was a notice from the bank, but as he knew he was unable to pay, he gave it no attention.    Now this notice was just as likely to be upon the one note as the other.    There was literally no evidence from which the jury could have inferred that the notice was upon the note for \$376.98; and it was plain error to submit a question of fact, which was conclusive in the case, to be determined upon mere conjecture.

The judgment is reversed, and a *venire facias de novo* awarded.