## Owen *v.* Rothermel, Appellant.

*Evidence—Books of account—Refreshing memory.*

Where a bill book is not a book of original entries, has not been offered in evidence, and has been shown to have been made up by a clerk from memoranda furnished him by others, such clerk cannot be permitted to testify as to sales and deliveries by refreshing his memory from the bill book.

*Evidence—Opinion of witness—Contradiction—Partner.*

Where a partner on the witness stand has given an opinion as to the construction of a written instrument, a letter written by another partner expressing a different view is not competent to contradict the first partner's testimony.

Argued Oct. 17, 1902.   Appeal, No. 117, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 411, on verdict for plaintiff in case of R. Pitt Owen and James E. Salter, trading as Owen & Salter, v. William G. Rothermel.   Before RICE, P. J., BEAVER, ORLADY and W. D. PORTER, JJ.   Reversed.

Assumpsit for goods sold and delivered.

At the trial it appeared that Miller & Ruoff were engaged in the steam fitting business in this city, and that they were doing work of that character at Glenolden in December, 1898. They wished to get some materials from the plaintiffs in this case, Owen & Salter, and, not having good credit, they gave the plaintiffs an order on William G. Rothermel for $325, which order was accepted by Mr. Rothermel and received by the plaintiffs.   The order reads as follows :

" Philadelphia, December 6, 1898.   Mr. William G. Rothermel, 1028 Arch St., Philadelphia.   Dear Sir : Please pay to the order of Owen & Salter the sum of three hundred and twenty-five dollars ($325) which is the amount of our contract between ourselves and yourself as counter-security for the Citizens' Trust Company for work at Glenolden, Pennsylvania.   This amount to be paid upon completion of the work and payment by the owner, as per contract.   Yours respectfully, Miller & Ruoff.

" Accepted : Wm. G. Rothermel."

The plaintiffs allege that on the strength of this order, and relying upon the order, they furnished goods to Miller & Ruoff in the month of December, 1898, amounting to $99.38.

W. A. Umstead, plaintiff's clerk, was asked this question :

" Q. Refresh your recollection from the entries in that book there. Will you kindly state the dates and amounts of the goods furnished by Owen & Salter to Miller & Ruoff ? "

Mr. Smyth : Objected to. What date do you propose to commence at ?

Mr. Andrade : A date subsequent to December 6, 1898, and prior to this conference which Mr. Frismuth had with this defendant in March.

Mr. Smyth : I object, first, that the witness has not refreshed his recollection from a book of original entries, and, second, that the witness is practically asked to state as to all the goods furnished to Miller & Ruoff, irrespective of where they were furnished to. I object to the offer of any testimony excepting as to goods delivered to Glenolden.

Objection overruled. Exception to defendant. [1]

Mr Andrade : " Q. Go ahead. State the dates and amounts. A. The only way I can state the date is by referring to that book. On December 1, there was a bill of goods, $6.65. I made the bill out for delivery."

Mr. Andrade : I desire to offer in evidence the letter which has been identified by the witness, John Miller, dated February 27, 1899, from Miller & Ruoff to Owen & Salter.

Mr. Smyth. I object on the ground that it is a letter written by Miller & Ruoff on February 27, 1899, after the occurrences which have been shown, and that it is a private letter addressed by Miller & Ruoff to Owen & Salter. If this letter had been written by the defendant, I would not object.

Mr. Andrade. My purpose is to discredit their witness, in his understanding of the contract. He swore that the goods were only for Glenolden, and this letter contradicts that. It is offered for the purpose of contradicting the witness John W. Miller, and that purpose only, and is not offered as primary evidence.

Objection overruled. Exception to defendant. [2]

Mr. Andrade. The letter reads as follows :

" Miller & Ruoff, 1028 Arch street.   Steam & Water Heating, Ventilating, Engineers & Contractors.    February 27, 1899.

" Messrs. Owen & Salter, 12th & Buttonwood streets.    Dear Sirs : In relation to the order on Mr. Rothermel, would say that he has received $191 from the H. K. Mulford Company, and we do not see any reason why he is delaying your payment, or at least part of it.   The work has been finished for some time, and he was to get final payment on February 24; but, owing to an accident to the system, there is a dispute as to the final payment.   This will be arranged in a few days.   We advise seeing Mr. Rothermel and you may get a full payment. Yours truly, Miller & Ruoff."

The court charged as follows :

[I say this paper being ambiguous, it is for you to determine whether Mr. Rothermel, under the terms of that order, is responsible for the $99.38 of materials that were delivered by the plaintiffs to Miller & Ruoff in December, 1898, or whether he is not liable.   If it was a contract by which Owen & Salter were to deliver materials to Miller & Ruoff at Glenolden, or for the work there, and you are satisfied from the testimony that they did not deliver any materials to Miller & Ruoff at Glenolden, or for the work at Glenolden, then the plaintiffs cannot recover.   If, however, it was a contract by which they were simply to furnish and deliver materials to Miller & Ruoff anywhere, and they did deliver the materials then at the alleged time, then you may find a verdict for the plaintiffs.   That is to say, you have first to determine whether or not the plaintiffs delivered this amount of materials in December, 1898, to Miller & Ruoff.   If you believe that to be so, you are next to say what the contract was.   Was it to furnish Miller & Ruoff materials to be delivered anywhere, or was it to deliver to them materials at Glenolden or for work at Glenolden?] [3]

Verdict and judgment for plaintiff for $125.72.   Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions ; (3) portion of charge as above, quoting it.

*Charles L. Smyth,* for appellant, cited on the question of evidence : Reed v. Orton, 105 Pa. 294 ; Lycoming County Mu-

tual Ins. Co. v. Schreffeer, 44 Pa. 269 ; Corr v. Sellers, 100 Pa. 169; Stephenson v. Grim, 110 Pa. 70; Wheeler v. Ahlers, 189 Pa. 138; Longenecker v. Hyde, 6 Binn. 1.

*A. L. Moise,* of *Sharp, Alleman & Moise,* for appellee, cited as to the question of evidence : Babb v. Clemson, 12 S. & R. 328; Striker v. McMichael, 1 Phila. 89 ; Mead v. White, 8 Atl. Repr. 913; Huckenstein v. Jolly, 2 Lanc. L. R. 164 ; Stahle v. Spohn, 8 S. & R. 316; Craig v. Craig, 5 Rawle, 91; Bull v. Towson, 4 W. & S. 557 ; Wertz v. May, 21 Pa. 274; Schlater v. Winpenny, 65 Pa. 321; Haughey v. Strickler, 2 W. & S. 411.

OPINION BY BEAVER, J., December 13, 1902 :

The plaintiffs' claim is founded upon a written order, of which a copy follows : " Philadelphia, December 6th, 1893. Mr. William G. Rothermel, 1028 Arch St., Philadelphia. Dear Sir: Please pay to the order of Owen & Salter the sum of Three hundred and twenty-five ($325.00) Dollars, which is the amount of our contract between ourself and yourself as counter-surety for the Citizens' Trust Company for work at Glenolden, Pa. This amount to be paid upon completion of the work and payment by the owner, as per contract. Yours respectfully, Miller & Ruoff," which order was accepted by the defendant. Plaintiff's claimed that, under and in pursuance of the order, they had furnished to the defendant goods and merchandise amounting to the sum of $99.38.

The attempt was made to prove the delivery of the goods by a bill clerk who was asked to refresh his recollection from what was called a bill book, consisting of letter press copies of bills sent the defendant for goods delivered to him. It was clear from the testimony of the witness that he had no knowledge of the sale and delivery of the goods, that he had made out bills from memoranda furnished to him by those who had made the sale and delivery. He was asked to refresh his recollection as to the transaction from the bill book aforesaid. The book was not claimed to be one of original entries and was not offered in evidence. The plaintiff had no personal knowledge of the sale and delivery outside the bills which he made out and then only by refreshing his recollection from the bill book. The practical effect of this testimony was to get the bills themselves in evi-

dence through the thin guise of filtering their contents through the witness. The witness was not competent to prove the sale and delivery of the goods. The bills made out by him were not competent evidence of the sale and delivery. How then, could his recollection, refreshed by a reference to the bill book, be competent? The case is somewhat similar to First Nat. Bank of Du Bois City v. First Nat. Bank of Williamsport, 114 Pa. 1, in which Mr. Justice CLARK says: " The suit is not brought upon the book charges, nor were the books relied upon as books of original entry or referred to as such. Indeed the books themselves were not offered in evidence at all, either at the taking of the deposition or at the trial. The best proof of which the case appears to have been susceptible was the evidence of the bank officers themselves. The books were but secondary evidence of the facts alleged; but, whilst it was competent for the witnesses named to explain the course of their business, to state that entries in the regular course of business were made of this transaction at the time and, by reference to the books, to refresh their recollection, it was not competent we think in this oblique way to introduce the entries themselves." The first specification of error is, therefore, sustained.

One of the members of the firm of Miller & Ruoff, the drawers of the order, had given his opinion as to the construction to be placed upon the order itself. Whether it was competent for him to do this or not is not now the question under discussion. After his examination a letter signed by the firm, written confessedly by the other partner, was offered in evidence, for the purpose of contradicting the witness. The offer was objected to and the objection overruled. The opinion of the witness was his individual opinion. A letter of the firm, written by the other partner, was not competent to contradict this testimony. Although signed by the firm, it was simply the opinion of the other partner and was in no sense a contradiction of Miller's testimony, although differing from it. We do not think it was competent for the purpose for which it was offered.

The instrument, upon which suit was brought, was in writing. We regard its terms as plain and unambiguous. They are capable of judicial construction. The paper should have been construed by the court as a matter of law. It requires no citation of authorities to establish this principle. We do not

mean by this to be understood as agreeing to the appellant's contention of the construction of the paper. There is nothing said in the order about the delivery of the goods. "For work at Glenolden, Pa.," evidently qualifies the contract between the drawers and the acceptor, and not the mode or manner of payment which was limited only by the time of "completion of the work and payment by the owner." Beyond this it is not necessary for us to express an opinion, inasmuch as the manner in which the contract is to be construed is not properly before us.

For the reasons stated, the assignments of error are all sustained. Judgment reversed and a new venire awarded.